# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES FORTUNE,<br><br>   Plaintiff,<br><br>v.<br><br>ELEVEN WARRIORS, LLC,<br><br>   Defendants. | Case Number: _____ |

## JAMES FORTUNE'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff James Fortune, for his Complaint against Eleven Warriors, LLC, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Ohio, Defendant's acts of infringement were directed towards the state of Ohio, Defendant caused injury to Plaintiff within the state of Ohio, and Defendant has a physical presence in the state of Ohio.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and

omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff James Fortune ("Fortune") is an individual and retired professional photographer.

6. Eleven Warriors, LLC ("Warriors") is an Ohio company with a business address of 605 N High St #160 Columbus, OH 43215.

## FACTUAL ALLEGATIONS

7. James Fortune is a retired professional photographer.

8. Because Fortune is retired, he is dependent on generating license revenue from his life's work.

9. Fortune's career began with coverage of the 1966 L.A. riots on Sunset Boulevard when his picture of protesters on a bus roof was published around the world. In 1967, he photographed Jim Morrison and the Doors for his college newspaper, kicking off a career documenting rock music icons.

10. From 1968 to 1969, Fortune took a short break from photographing rock bands to serve as a U.S. Navy combat photographer in Vietnam. During the Vietnam War, Fortune also served six months as a combat photographer with the United States Pacific Fleet Combat Camera Group.

11. After completing his tour of duty, he became a regular fixture in the backstage areas and VIP sections of the nation's largest musical events.

12. Fortune spent more than a decade photographing rock and roll icons such as Mick Jagger, Paul McCartney, Iggy Pop, Jim Morrison, Elton John, and countless others.

13. Fortune's photographs are iconic and recognizable. Posters of his work adorned the bedroom walls of America's youth in the 1970s and early 1980s.

14. Fortune has a catalog of over 15,000 images from the 1960s and 1970s that contains shots of everything from the hippie riots in Hollywood to Gene

Simmons and Cher sharing an eclair.

15. Over 150 of his iconic shots are part of the permanent collection of the Rock and Roll Hall of Fame in Cleveland.

16. In 2016, The Smithsonian Anacostia Museum in Washington DC. chose several of Fortune's photographs to be included In their "Washington DC, 1965–1975" year–long show. In 2017, Smithsonian Books published "Smithsonian Rock and Roll," which featured Fortune's 1973 Led Zeppelin photograph on the front and back cover, plus 7 pages of photographs published inside.

17. Over the past 40 years, Fortune's insightful and intimate images have been seen by millions in books, magazines, album covers, and other worldwide media.

18. Fortune is the sole author and exclusive rights holder to a photograph of Beach Boys member Brian Wilson in his robe with the late drummer from The Who, Keith Moon ("Brian Wilson Photograph").

19. Attached hereto as Exhibit A is a true and correct copy of the Brian Wilson Photograph.

20. Fortune registered the Brian Wilson Photograph with the United States Copyright Office. The Brian Wilson Photograph is registered under Registration Number VAu 477-427.

21. Defendant Warriors is a large independent sports news and media site.

22. Warriors provides its users with in-depth Ohio sports analyses, interviews, editorials, recruiting updates, and other Ohio related trivia.

23. Warriors is the owner and operator of the website https://www.elevenwarriors.com ("Website").

24. Warriors uses advertisements on its Website to monetize its content. Warriors also sells a variety of Ohio related merchandise on its Website. Warriors Website also includes a paid membership for users who'd like things like invitations

to exclusive site parties around Columbus and access to the premium forum.

25. On or about March 10, 2020, Fortune discovered the Brian Wilson Photograph being used by Warriors on its Website to wish Brian Wilson a happy birthday ("Wilson Post").

26. Prior to Fortune's discovery, Fortune had never heard of nor visited the Website.

27. The Wilson Post, dated June 20, 2016, celebrated the Cleveland Cavaliers' 2016 NBA Championship and mentioned the familial relationship between Brian Wilson and professional basketball player Kevin Love. However, the Wilson Post largely served as a tribute to Brian Wilson, detailing his personal life and musical career.

28. Attached hereto as Exhibit B are true and correct screenshots of the Wilson Post and its use of the Brian Wilson Photograph on Warrior's Website.

29. During the course of communication, Warriors claimed protection under the Digital Millennium Copyright Act (DMCA), stating it could not be held liable for the actions of its Website users.

30. The DMCA shields an online service provider (OSP) from copyright infringement liability based on the actions of their users. certain conditions must be met in order to receive protection under the DMCA. Among these conditions are (i) making a DMCA Notice publicly available on the OSP's site, (ii) making a DMCA Designated Agent's contact information publicly available on its site, and (iii) registering a DMCA Designated Agent with the Register of Copyrights.

31. Fortune informed Warriors that it could not claim protection under the DMCA because it failed to meet the conditions above.

32. Prior to June 20, 2020, Warriors did not have a DMCA Notice nor a DMCA Designated Agent's contact information publicly available on its Website.

33. Attached hereto as Exhibit C are true and correct screenshots of

Warriors' Website with no DMCA Notice publicly available to its users prior to June 20, 2020.

34. Fortune informed Warriors of its failure to make a DMCA Notice publicly available on its Website.

35. Fortune also informed Warriors of its failure to make a DMCA Designated Agent's contact information publicly available on its Website.

36. By June 23, 2020, Warriors had a DMCA Notice, including its DMCA Designated Agent's contact information, publicly available on its Website.

37. Attached hereto as Exhibit D are true and correct screenshots of Warriors' Website with a DMCA Notice, including its DMCA Designated Agent's contact information, publicly available to its users by June 23, 2020.

38. Fortune informed Warriors of their failure to have a DMCA Designated Agent on file with the Register of Copyrights.

39. On or about June 22, 2020, Warriors registered a DMCA Designated Agent on file with the Register of Copyrights.

40. Attached hereto as Exhibit E is a true and correct screenshot of Warriors' DMCA Designated Agent's information on file with the Register of Copyrights effective June 22, 2020.

41. Fortune is informed and believes Warriors displayed an unauthorized copy of the Brian Wilson Photograph on its Website.

42. Fortune has made several attempts to settle this case prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photograph.

45. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's website and or social media.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

47. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

48. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages

against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: November 30, 2022        Respectfully submitted,

**/s/ John D. Gugliotta**
John D. Gugliotta, Esq.
State Bar No. 62809
**John D. Gugliotta, P.E., Esq., LPA**
3020 W. Market Street
Akron, OH 44286
(330) 253-2225
(330) 253-6658 facsimile
johng@inventorshelp.com
*Attorney for Plaintiff*